BILL S. LEE *v.* CIVIL SERVICE COMMISSION
OF THE CITY & COUNTY OF HONOLULU.

No. 4715.

JUNE 6, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE, JJ.
AND CIRCUIT JUDGE CORBETT IN PLACE OF
LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY ABE, J.

Appellant Bill S. Lee was notified on November 27, 1963, of his suspension and dismissal as clerk at the Pali Municipal Golf Course and the stated grounds for this action were "incompetency, inefficiency and carelessness in the performance of his duties." He was charged specifically with having failed to register golfers at the course on November 16, 1963 and on two prior occasions, although he had received green fees in each instance. Appellant took an appeal to the Civil Service Commission of the City and County of Honolulu which upheld the action of the Director of the appointing authority. He then appealed to the Circuit Court

which affirmed the decision of the Commission and entered a judgment to that effect. It is from that judgment that this appeal is taken.

It should be pointed out that both § 3-25, Revised Laws of Hawaii 1955, as amended, and Rule 12.5b of the Civil Service Rules and Regulations of the City and County of Honolulu provide that the Commission shall sustain the action of the appointing authority if it finds that the reasons for the suspension and dismissal are substantiated or are partly substantiated by evidence presented at the hearing. It was, therefore, the duty of the Commission to examine the evidence presented at the hearing and to decide whether the appellant's suspension and dismissal for "incompetency, inefficiency and carelessness" in the performance of his duties, was substantiated or at least partly substantiated by the evidence. Upon finding that the evidence at least partly substantiated the grounds for the dismissal, the Commission was required to uphold the action of the appointing authority.

At the hearing before the Commission, evidence was adduced to the effect that appellant did fail to register golfers after receiving money for the registration on three different dates. Ideally, it appears, appellant was to receive green fees from each golfer, have the golfer sign his name on the daily register sheet, ring up the amount received on the cash register, and give each registrant the corresponding register receipt. There was further evidence to the effect that appellant was instructed on this procedure and that a large sign outlining such procedure was posted in the working area.

The testimonies of witnesses at the Commission hearing were to the effect that, although they paid green fees on the dates in question, they were not directed or allowed by the appellant to sign the daily register sheet. There is evidence, furthermore, that while the number of names on the register sheets coincided with the cash register totals, several golfers whose names did not appear on the list had evidently paid their green fees.

The appellant sought to defend his alleged actions by presenting evidence to the effect that there were many occasions on which he and fellow employees were too busy to see that everyone who

paid green fees signed the register sheet. There would, in those instances, be more money in the cash register than would be indicated by the number of names on the register sheet. This discrepancy would be "corrected" by the addition of fictitious names to the list on the register sheet. The appellant contends, therefore, that the fact that there were such frequent deviations from the preferred procedure is a conclusive indication that there was no established procedure at the golf course with respect to the registration of golfers.

It should be noted that the deviations cited by the appellant had no application to the facts in question. The record clearly indicates that though the cash register total coincided with the number of names on the register sheet, there is ample evidence to show that appellant had received green fees from eight golfers whose names do not appear on the sheet.

It should be noted that this case involves an appeal under the Hawaii Administrative Procedure Act. Section 6C-14 (g) , Revised Laws of Hawaii 1955, as amended, provides that a court upon review of the record may reverse or modify a decision and order if they are:

" (1)  In violation of constitutional or statutory provisions; or
(2)  In excess of the statutory authority or jurisdiction of the agency; or
(3)  Made upon unlawful procedure; or
(4)  Affected by other error of law; or
(5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
(6)  Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

It seems that appellant's contention is that the judgment appealed from should be reversed under subsections (3) , (4) , (5) , or (6) of § 6C-14 (g) , quoted above.

After a careful review of the record of this case, we conclude that the appellant was accorded a fair hearing before the Com-

mission and that neither the Commission nor the Circuit Court committed prejudicial error on any points of law properly raised on this appeal.

We also find that the charges made by the Director in the letter of dismissal were, at least, partly substantiated by the evidence presented at the hearing and the Commission correctly upheld the action of the appointing authority; however, we do not necessarily hold that one act of carelessness is a ground for dismissal on grounds of "incompetency, inefficiency and carelessness in the performance of his duties."

Further, the appellant has failed to prove that the order of the Commission was "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

We have carefully reviewed and considered the specifications of error and find them without merit.

Judgment affirmed.

*Helen B. Ryan* (*Ryan & Ryan* of counsel) for appellant.

*Denis C. H. Leong,* Deputy Corporation Counsel, City & County of Honolulu, (*Stanley Ling,* Corporation Counsel, with him on the brief) for appellee.